RAFAEL QUIÑONES BULERÍN, Petitioner and Appellant, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 8601. Argued November 3, 1942.—Decided November 20, 1942.

76

Rafael Quiñones Bulerín, pro se. George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan denying a petition for habeas corpus. The petition was originally filed in this Supreme Court and the writ was issued returnable to the District Court of San Juan.

Trial was had in the lower court on the 17th of last April. The Warden of the Insular Penitentiary, who had the petitioner under his custody, brought him before the court and filed the return to the writ in writing. After having been sworn, the petitioner testified, and the district attorney submitted in evidence a copy of the minutes of the court of May 23, 1941, relative to the trial of the petitioner for robbery, in which there was entered the judgment for which petitioner is retained in custody of the respondent.

The appeal was heard on the 3d of November, with the appearance of the *Fiscal* only who challenged the writ. The petitioner did not appear, but submitted a lengthy and confusing document in support of his pretensions.

Discarding those questions which may not be properly considered in habeas corpus proceedings or which are clearly frivolous, it only remains for us to determine whether or not petitioner was duly assisted by counsel.

When the habeas corpus petition was heard in the district court, the petitioner testified that he was accused of robbery together with Luis Silva Vega and that he was not

arraigned. Silva was. He was only called to stand trial. He admits that on that occasion he was assisted by Attorney Cruzado Silva and he explained in his own words what occurred, as follows:

"When I came here to the court, then Cruzado Silva approached me and asked me if I was Paíto. I told him that I was, and he then told me that my sister had sent him over to defend me. I explained the case to him and then I asked him to get a suspension of the trial because I had not had an opportunity to talk things over with him, and then he told me that he was going to ask for that, and he asked the court to suspend the case, but the court refused . . . I also had three witnesses who were going to testify in my favor by submitting an alibi . . . I asked the lawyer to find them, but since not enough time was allowed to us, he had to enter into the trial."

The only evidence submitted by the petitioner was this testimony. The minutes of the court submitted by the *Fiscal* set forth the occurrence as follows:

"As court opened, the Hon. Marcelino Romany, Judge, presiding, and Mr. Eduardo Ugarte acting as court stenographer, this case was called for trial, and the two defendants Luis Silva Vega and Rafael Quiñones, (a) Paíto appeared assisted by Attorneys Saldaña and Cruzado, respectively. Defendant Luis Silva Vega through his counsel Mr. Saldaña asked for a separate trial, and, without the district attorney objecting, the court granted it. At this point attorney Mr. Saldaña prayed for a suspension of the trial for the reason that he had assumed the defense only yesterday on account of the illness of Attorney Mieres Calimano, who had been appointed defense counsel by the court, and the court, without any objection on the part of the district attorney, suspended the trial of the defendant Luis Silva Vega.

"Defendant Rafael Quiñones (a) Paíto was called for the arraignment, which had not taken place for the reason that he was a fugitive from justice. The court warned him with respect to his true name, and he manifested that his name was as had been stated and that he was a citizen of the United States of America. Defendant was assisted by Attorney Cruzado Silva, and after the information had been read and he had been asked by the court what his plea was,

he asked for five days in which to file answer to the information, but immediately thereafter he reconsidered his request and he entered a plea of not guilty, and asked for a trial by jury, expressing his desire to stand trial on this day since he was prepared for it.

..·· * * * * * *

"After all the evidence was in and after counsel for defendant had made his final address to the jury without the prosecuting attorney having done so, the court instructed the jury and, after appointing Mr. Nicolás Iturregui as foreman, finally submitted the case to them. The jury, under the custody of the marshal, withdrew to deliberate at 12:10 P. M., and at 12:25 P. M. they returned to the courtroom and through their foreman Mr. Nicolás Iturregui they gave the following verdict: 'We, the members of the jury, find defendant Rafael Quiñones (a) Paíto guilty of the crime of robbery. (Signed) Nicolás Iturregui, Foreman of the Jury.'

"The court asked each and everyone of the jurors if that was their verdict and they all answered affirmatively, and in view of the verdict rendered by the jury, the court found Rafael Quiñones (a) Paíto guilty of the crime of robbery and set the 26th of May 1941 to pronounce sentence."

The court gave credit to the minutes and concluded, with good judgment in our opinion, that the allegation relative to the lack of assistance by counsel was not proved. It said: "As it appears from the minutes of the court, counsel for the defendant said that he was ready for trial."

Such being the case, appellant's complaint is without legal foundation. His family provided him with counsel. He accepted him and under his direction he entered into the trial, at which he was assisted by counsel.

 Appellant insists that his contention is correct at any rate for the reason that when he was sentenced he was not assisted by counsel. That too, in our opinion, was correctly decided against him by the judge of the lower court.

It is only when the defendant appears without counsel to answer the charges made against him that §141 of the Code of Criminal Procedure imposes upon the court the duty to admonish him that "it is his right to have counsel before be-

ing arraigned, and must be asked if he desires the aid of counsel.''

The court had no need to do that in this case because the defendant appeared assisted by counsel, who defended him at the trial. When he appeared again to be sentenced, this time without counsel, the law did not impose upon the court the obligation to repeat the provisions of §141. The legal admonitions, which were observed by the court in this new situation, are prescribed in the same Code of Criminal Procedure, §§318 and 319, as follows:

"Section 318.—When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.

"Section 319.—If no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it must thereupon be rendered."

The appeal must be denied and the judgment appealed from must be affirmed.